Plaintiffs instituted this suit seeking to recover $440 from defendants, alleged to be the balance due on the purchase price of 800 bushels of Palmetto soy beans. Plaintiffs alleged that on April 13, 1943, they sold to defendants 800 bushels of Palmetto soy beans at a price of $2.05 per bushel, or $1,640, and defendants have paid $1,200 on said amount, leaving the balance sued for.
Defendants answered, admitting the allegations of plaintiffs' petition, and alleged that on December 22, 1942, they sold 4,400 bushels of soy beans to plaintiffs for a stipulated price of $9,160 and that, although plaintiffs were to remove the beans immediately from defendants' warehouse, they failed to do so and the last of said beans was not removed until June 17, 1943. They alleged the plaintiffs are indebted unto them in the sum of $309.45 for storage on said beans, and $80 for 400 sacks used in resacking said beans before they could be removed, and $90 for labor to resack 900 bushels of said beans, making a total of $479.45, for which amount they reconvened and pleaded set-off and for judgment in their favor of $39.45.
The lower Court rendered judgment for the plaintiffs as prayed for, rejecting defendants' reconventional demand, and defendants are now prosecuting this appeal.
Defendants admit that they purchased from plaintiffs 800 bushels of soy beans at the alleged price and that there is a balance due by them of the amount sued for by plaintiffs, therefore, no discussion of that phase of the case is necessary, and plaintiffs are entitled to recover as prayed for, unless defendants in reconvention have established their demands. The facts on the reconventional demand are simple:
In December, 1942, defendants sold soy beans to the amount of $9,160 and plaintiffs paid for the same. At the time of the sale the beans were in defendants' warehouse. There was no contract as to the time fixed within which plaintiffs should remove them. The warehouse was an old gin house and not a bonded warehouse. At the time of the sale the beans were in sacks, two bushels to the sack. The prevailing custom among the bean merchants was that a reasonable time for removal was allowed, however, plaintiffs admit that the length of time the beans were left in the defendants' warehouse was unreasonable, although defendants never requested plaintiffs to remove them and never made any demand for payment for storage until just prior to the filing of this suit. Plaintiffs demanded payment of the balance due them monthly on the purchase of the 800 bushels of beans by defendants and, although it was not paid, at no time did the defendants claim any amount for storage. *Page 733 
[1] When plaintiffs were ready to remove the beans, it was found that rats had eaten 400 of the sacks in which the beans had been placed and defendants furnished sacks and had the beans resacked. The cost of the sacks and labor to resack the beans constitute part of defendants' reconventional demand.
Article 2549, Revised Civil Code, provides:
"The obligations of the buyer are:
"1. To pay the price of sale.
"2. To receive delivery of the thing and to remove it, if it be an object which requires removal, and to indemnify the seller for what he has expended in preserving it for him."
Plaintiffs paid the price and the object required removal. When plaintiffs did not remove the beans from defendants' warehouse within a reasonable time, they became liable to defendants for whatever they expended in preserving the beans for them. Plaintiffs are therefore liable to defendants for the value of the sacks necessary to be used to remove the beans and the labor used in resacking them.
The beans were in sacks when sold, and during the unreasonably long delay in removing them, the rats destroyed the sacks. To require defendants to resack the beans because of plaintiff's failure to remove them would indeed be an injustice. The record discloses that the cost of labor to resack the beans should not have exceeded $9, and there is no proof of the exact amount paid by defendants for this service. Defendants should be allowed $9 on this item. Defendants claim 20 cents each for 400 sacks. The record discloses that the average price for the kind of sack used by defendants was 10 cents each, and they are entitled to recover the sum of $40 on this item.
[2] The only remaining item claimed by defendants is for storage and, in our opinion, they are not entitled to recover on that item. There was no contract covering storage and no time fixed for removal. There was never any demand by defendants on plaintiffs to remove the beans, and the record fails to disclose that defendants were forced to expend anything on account of storage alone, and until they had put the plaintiffs in default by demanding the removal of the beans, they could not charge storage in the absence of a contract to that effect. We are convinced the claim on account of storage is clearly an afterthought on the part of defendants.
We therefore conclude that the judgment of the lower Court, insofar as it rejected defendants' demands in reconvention in toto, is incorrect and will have to be amended by allowing the defendants to recover the amount of $49 against plaintiffs, the same to be applied as a set-off against the judgment rendered in favor of plaintiffs for $440, and it is so ordered, adjudged and decreed. The judgment in all other respects is affirmed; cost of appeal to be paid by plaintiffs and appellees. *Page 749